UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SERVISIO SIMMON,

                              Plaintiff,

    vs.                                                                    9:14-CV-1419
                                                                                  (DNH/ATB)

D. UHLER, et al.,

                              Defendants.
_____

S. SIMMON, Plaintiff pro se
ORIANA CARRAVETTA, AAG, Attorney for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

This matter has been referred for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable David N. Hurd, United States District Judge.

Plaintiff filed this civil rights complaint on November 24, 2014. (Dkt. No. 1). Plaintiff originally claimed that he was assaulted on May 3, 2014 by defendants S. Lamare; W. Garland, and Corrections Officer ("CO") Ripa. (Complaint ("Compl.") at 5). He alleged a denial of medical care, including the failure to administer blood tests for certain diseases. (*Id.*) Plaintiff also alleged various forms of verbal harassment and threats to tamper with his food. (*Id.* at 5, 7, 8).

On February 27, 2015, District Judge Hurd granted plaintiff's application to proceed in forma pauperis ("IFP"), but ordered dismissal of all claims against all defendants except the excessive force claim against defendants Lamare, Garland, and Ripa. (Dkt. No. 4). Although plaintiff never updated his address with the court, it

appears that he was released from incarceration on the same day – February 27, 2015. The complaint was served on defendants, and counsel for the remaining defendants requested an extension of time to answer the complaint. (Dkt. No. 10). On April 8, 2015, the court granted counsel's request and attempted to mail a copy of the order to plaintiff at his last-known address – Auburn Correctional Facility. The docket sheet indicates that the order was forwarded to an address in the Bronx.[1] (Dkt. No. 12). The mail was "returned to sender" on May 4, 2015, with a notation that there was "No Such Number, Unable to Forward." (Dkt. No. 12).

On June 8, 2015, the three remaining defendants filed a motion for summary judgment, pursuant to Fed. R. Civ. P. 56, based upon the plaintiff's failure to exhaust his administrative remedies and upon his failure to inform both the court and counsel of his current address. (Dkt. No. 13). For the following reasons, this court agrees with the defendants and will recommend dismissing the complaint.

## DISCUSSION

I. **Summary Judgment**

Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006). "Only disputes over ["material"] facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). It must be apparent that no

---

[1] The mail appears to have been forwarded by the facility.

rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Salahuddin v. Goord*, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, in determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin v. Goord*, 467 F.3d at 272.

### III. Exhaustion of Administrative Remedies

#### A. Legal Standards

The Prison Litigation Reform Act, (PLRA), 42 U.S.C. §1997e(a), requires an inmate to exhaust all available administrative remedies prior to bringing a federal action. This requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes and regardless of the subject matter of the claim. *See e.g. Giano v. Goord*, 380 F.3d 670, 675-76 (2d Cir. 2004). Inmates must exhaust their administrative remedies even if they are seeking only money

3

damages that are not available in prison administrative proceedings. *Id.* at 675. The failure to exhaust is an affirmative defense that must be raised by the defendants. *Scott v. Del Signore*, No. 02-CV-029F, 2005 U.S. Dist. LEXIS 425473 at *4 (W.D.N.Y. Feb. 18, 2005) (citing *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004); *Giano*, 380 F.3d at 677). As an affirmative defense, it is the defendant's burden to establish that plaintiff failed to meet the exhaustion requirements. *Id.* (citing *Giano,* 380 F.3d at 675).

In *Jones v. Bock*, 549 U.S. 199, 218 (2007), the Supreme Court held that in order to properly exhaust an inmate's administrative remedies, he must complete the administrative review process in accordance with the applicable state rules. *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must ***complete*** the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. 548 U.S. at 90-103.

The grievance procedure in New York is a three-tiered process. The inmate must first file a grievance with the Inmate Grievance Resolution Committee ("IGRC"). N.Y. Comp. Codes R. & Regs. tit. 7, §§ 701.5(a)(1) and (b). An adverse decision of the IGRC may be appealed to the superintendent of the relevant facility. *Id*. § 701.5(c). Adverse decisions at the superintendent's level may be appealed to the Central Office Review Committee ("CORC"). *Id*. § 701.5(d). The court also notes that the regulations governing the Inmate Grievance Program encourage the inmate to "resolve his/her complaints through the guidance and counseling unit, the program area directly

affected, or other existing channels (informal or formal) prior to submitting a grievance." *Id.* § 701.3(a) (Inmate's Responsibility).

   B.   **Application**

In his form-complaint, plaintiff noted that there was a grievance procedure at Upstate Correctional Facility ("Upstate"), and that he "filed numerous grievances," but that these grievances were "denied wrongly rejected some not filed." (Compl. ¶ 4(b)(i), (ii)). Plaintiff also states that he wrote to the Superintendent, the Central Office, DSA Danforth, Medical Department, and N.A. Smith. (Compl. ¶ 4(c)(i), (ii)).[2]

In their motion for summary judgment, defendants have submitted the declaration of Scott Woodward, an Inmate Grievance Program Supervisor ("IGPS") at Upstate. (Woodward Decl. ¶ 1) (Dkt. No. 13-4). IGPS Woodward states that he is one of the individuals responsible for keeping records of grievances filed by inmates at the facility level. (Woodward Decl. ¶ 7). IGPS Woodward states that he searched the IGP files to determine if plaintiff filed any grievances while he was at Upstate, relating to the May 3, 2014 assault or any other incidents which may have occurred on May 4, 2014. (Woodward Decl. ¶ 8). The search revealed no grievances relating in any way to any incident occurring on May 3, 2014. (Woodward Decl. ¶ 9).

Defendants have also filed the declaration of Jeffrey Hale, the Assistant Director of the Inmate Grievance Program ("IGP"). (Hale Decl.) (Dkt. No. 13-3). Asst. Director Hale states that based on his examination of the grievance records, plaintiff did not pursue a grievance appeal to the CORC regarding an incident on May 3, 2014 involving

---

[2] Plaintiff completed this section in error because the section is reserved for situations in which there is no grievance procedure at the facility.

excessive force by defendants Lamare, Garland, and Ripa. (Hale Decl. ¶ 10). A list of plaintiff's CORC appeals is attached to the Hale Declaration. (Hale Decl. Ex. A). The list shows two grievance appeals, both involving force, but one dated in 2011[3] – Staff Roughed Me Up," and the other in 2013[4] – "Beat Up By Officers." (*Id.*) Thus, it is clear from this exhibit that even if plaintiff had filed a grievance at the facility level – which IGPS Woodward states that plaintiff did not – plaintiff did not appeal the grievance to the CORC. His failure to do so renders his administrative remedies unexhausted.

In the complaint, plaintiff alleges that he did file grievances regarding the alleged assault, but states that they were "denied wrongly rejected some not filed. (Compl. ¶ 4). First, "[c]ourts have consistently held . . . that an inmate's general claim that his grievance was lost or destroyed does not excuse the exhaustion requirement." *Rosado v. Fessetto*, No. 9:09-CV-67 (DNH/ATB), 2010 WL 3808813, at *7 (N.D.N.Y. Aug. 4, 2010) (Rep't-Rec.), *adopted*, 2010 WL 3809991 (N.D.N.Y. Sept. 21, 2010) (citing, *inter alia*, *Veloz v. New York*, 339 F. Supp. 2d 505, 516 (S.D.N.Y. 2004) (plaintiff's allegations that his grievances were misplaced or destroyed by corrections officers ultimately does not relieve him of the requirement to appeal those claims to the next level once it becomes clear that no response is forthcoming)).

In addition, defendants have come forward with declarations and an exhibit

---

[3] The exhibit indicates that plaintiff filed the "Staff Roughed Me Up" grievance on February 10, 2011, and the "Schd Date" was May 18, 2011. (Hale Decl. Ex. A).

[4] The "Beat Up By Officers" grievance was filed on December 5, 2012, and the "Schd Date" is listed as May 22, 2013. (Hale Decl. Ex. A).

6

showing that plaintiff's statement about filing grievances is not true. Plaintiff's conclusory allegation in the form-complaint that he filed grievances, but that some were denied, "wrongly rejected," or were "not filed" is insufficient to overcome defendants' summary judgment motion in view of the documentary evidence presented by defendants. *See Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) ("mere conclusory allegations or denials are insufficient to withstand a motion for summary judgment once the moving party has set forth a documentary case").

In any event, the failure by the IGRC or the Superintendent to timely respond to a grievance or first level appeal must be appealed to the next level, including the CORC, in order to properly complete the grievance process. *Pacheco v. Drown*, 9:06-CV-20 (GTS/GHL), 2010 WL 144400, at *19 & n. 21 (N.D.N.Y. Jan. 11, 2010); *Smith v. Kelly*, 985 F. Supp. 2d 275, 281-82 & n.8 (N.D.N.Y. 2013) (the weight of authority (and better-reasoned authority) has held the IGRC's non-response must be appealed to the superintendent where the plaintiff's grievance was never assigned a grievance number) (collecting cases).[5]

---

[5]*Cf. Johnson v. Tedford*, 616 F. Supp. 2d 321, 326 (N.D.N.Y. 2007) (Sharpe, J.) ("in light of the Second Circuit's *Hemphill* decision, several Southern District [of New York] cases have recognized that when a prisoner asserts a grievance to which there is no response, and it is not recorded or assigned a grievance number, administrative remedies may be completely exhausted, as there is nothing on record for the next administrative level to review"). In this case, unlike *Johnson v. Tedford*, plaintiff has offered no corroboration of his claim that he filed a grievance with respect to the defendants' alleged assault that was never processed by the IGP. *Johnson v. Tedford*, 616 F. Supp. 2d at 326 (while the court would normally be hesitant to afford weight to plaintiff's assertions that his grievance was never assigned a number or responded to, there is some evidence to support his position in the form of inquiry letters and official responses regarding the grievance at issue). In the next section of plaintiff's complaint, he states that he wrote to certain individuals, but they "ignored" him. Plaintiff has not attached any of this alleged correspondence, and the law is clear that simply writing letters to supervisory officials is insufficient to exhaust administrative remedies. *Perez v. Blot*, 195 F. Supp. 2d 539, 544-45 (S.D.N.Y. 2002) (citing cases).

7

Plaintiff has not responded to defendants' summary judgment motion. It is unclear why plaintiff has failed to respond to the defendants' motion. The reason for his failure to respond may because he did not receive the motion due to his failure to properly update his address[6] or simply because he has chosen to abandon his claims. Because defendants have shown that plaintiff has failed to exhaust his administrative remedies, which were available to him prior to his release, this court must recommend dismissing plaintiff's complaint. In addition, as discussed below, the court will recommend dismissing this complaint for failure to prosecute, due to his failure to update the court with his address.

## IV. **Failure to Prosecute**

### A. **Legal Standards**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). Moreover, notwithstanding the leniency with which *pro se* plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. *See Lucas v. Miles*, 84 F.3d 532, 538 (2d Cir. 1996) (pro se plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives) (dissenting opinion).

---

[6] The court assumes that the address given to defense counsel by the Department of Corrections and Community Supervision ("DOCCS") as discussed below is correct, but the court has no way of knowing for sure.

"The demand that plaintiffs provide contact information ***is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit***." *Dumpson v. Goord*, No. 00-CV-6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) (emphasis added). Additionally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with LOCAL RULE 10.1(b) may result in the dismissal of any pending action.

The Second Circuit has held that, generally, a determination of whether to dismiss for failure to prosecute involves a consideration of whether plaintiff's failure caused a delay of considerable duration; whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the court must consider the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

**B.  Application**

Plaintiff has failed to update his address, despite the court's order for him to do so in the initial order in this action. (Dkt. No. 4 at 19). Defendants filed their summary judgment motion on June 8, 2015, serving plaintiff at Auburn Correctional Facility. (Dkt. No. 13-5). On June 8, 2015, the court attempted to serve plaintiff with a notice of his response deadline to the motion for summary judgment. (Dkt. No. 14). He was

9

served at his last known address of Auburn Correctional Facility. On June 24, 2015, the mail was returned undeliverable, after it had been forwarded to the same address in the Bronx by the facility.[7] (Dkt. No. 15).

On June 25, 2015, I issued a Text Order, directing defense counsel to inquire through the Department of Corrections and Community Supervision ("DOCCS") and determine if plaintiff's parole officer had a current address for plaintiff. On July 9, 2015, defense counsel filed a status report in response to my Text Order. (Dkt. No. 17). The status report contained an updated address for plaintiff in New York City. (*Id.*) Based upon this new address, I directed that defendants serve a copy of their motion for summary judgment and a copy of the Text Order on plaintiff at this newly discovered address. (Dkt. No. 18). My Text Order also scheduled a deadline for plaintiff's response to the summary judgment motion and for defendants' reply. In addition, plaintiff was directed to "promptly advise the court of his updated address in writing . . . ," and he was warned that the failure to keep the court informed of future address changes could result in the issuance of a recommendation of dismissal to Judge Hurd. (*Id.*) The court's deadlines have now expired, no mail has been returned, and plaintiff has failed to either respond to the defendants' motion for summary judgment or submit an updated address.

First, the court notes that, based on the declarations and the exhibit filed by defendants in support of their motion, plaintiff clearly failed to exhaust his administrative remedies. He had an opportunity to respond to the defendants' showing,

---

[7] This was the same address that the facility forwarded the extension order discussed above.

but has chosen not to do so. Defendants have not indicated that their motion for summary judgment was "returned to sender" when it was served on the address that defense counsel obtained pursuant to my order. Thus, plaintiff may have chosen to abandon his action through his failure to respond to the defendants' motion. Where a party willfully fails to respond to a properly supported summary judgment motion, even if that party is pro se, the court has no duty to perform an independent review of the record to find proof of a factual dispute. *Ross v. Shah*, No. 1:12-CV-1006, 2015 WL 4648002, at *10 & n.28 (N.D.N.Y. Aug. 5, 2015) (citing *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 426 & n.2 (N.D.N.Y. 2009)). *Cf LaBarre v. Werner Enterprises, Inc.*, No. 1:12-CV-1316, 2015 WL 4649285, at *2 (N.D.N.Y. Aug. 5, 2015) (citing *Giannullo v. City of New York*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court must be satisfied that the citation to evidence in the record supports the movant's assertions)). In this case, plaintiff has failed to respond to the facts stated in the declarations filed by defendants, and the declarations and exhibit submitted by defendants support their assertion that plaintiff did not file a grievance, nor did he appeal any grievance to the CORC regarding the alleged May 3, 2014 incident.

In addition, without a current address for plaintiff, it is impossible for the court to allow the case to proceed. Plaintiff was warned that failure to update his address in writing could result in a recommendation of dismissal. Although dismissal is a harsh sanction, it is apparent that it is the only sanction available, particularly in view of the

court's determination that plaintiff has failed to exhaust his administrative remedies, and dismissal would occur in any event, unless plaintiff could oppose the defendants' showing.[8]

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion for summary judgment (Dkt. No. 13) be **GRANTED**, and the complaint **DISMISSED IN ITS ENTIRETY**, and it is

**ORDERED**, that the Clerk serve a copy of this Order and Report-Recommendation on the plaintiff's new address as determined by defense counsel in (Dkt. No. 17) – 640 E. 5th Street, Apt. 2A, New York, New York 10009, in addition to serving the plaintiff at his "last known address" at Auburn Correctional Facility.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 19, 2015

Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[8] Because this is only a recommended disposition, plaintiff will have one more opportunity to object to dismissal.